Andrew Perrong
Email: a@perronglaw.com
PERRONG LAW, LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215) 225-5529

*Attorney for Plaintiff, others listed below.*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Bird, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>Oxford Financial Publishing, LLC<br><br>Defendant. | Case No.<br><br><br>**CLASS ACTION COMPLAINT** |

**Preliminary Statement**

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve

2

a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Daniel Bird brings this action under the TCPA, for contacting the Plaintiff and other individuals, who, like the Plaintiff, were listed on the National Do Not Call Registry.

4.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Daniel Bird is an individual with a 480- area code telephone number associated with this District.

6.      Defendant Oxford Financial Publishing, LLC is a Maryland limited liability company.

## Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

3

8.  Venue is proper under 28 U.S.C. § 1391(b)(2) because the calls that were initiated to the Plaintiff and the putative class that are the subject of the litigation were organized and sent from this. As such, a substantial part of the events giving rise to the claims occurred in this District. Furthermore, the Defendant resides in this District.

**TCPA Background**

9.  The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

10.  Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

11.  § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.  In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

14. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

15. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

## Factual Allegations

16. Plaintiff Bird is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number, 480-304-XXXX, is on the National Do Not Call Registry and has been registered continuously since 2008.

18. The Plaintiff's telephone number is used for residential purposes and is not associated with a business.

19. Mr. Bird nonetheless received multiple telemarketing text messages from the Defendant in 2026.

20. The text messages promoted purported investment opportunities, stock recommendations, market forecasts, and purported "pre-IPO" opportunities, including claims concerning SpaceX, Elon Musk, artificial intelligence-related investments, and other securities-related topics.

5

21.     Each text message contained a hyperlink directing Plaintiff to a webpage controlled by or affiliated with Defendant for the purpose of inducing Plaintiff to purchase subscriptions, memberships, newsletters, reports, investment research products, or other services offered by Defendant.

22.     Upon clicking the hyperlink, Plaintiff was directed to a promotional webpage containing sales presentations, investment-related marketing content, subscription solicitations, and calls to action designed to encourage the purchase of Defendant's products and services.

23.     Some of the text messages are below:



24.     The text messages were transmitted for the purpose of encouraging the purchase of Defendant's goods and services and therefore constitute "telephone solicitations" and "telemarketing" as those terms are defined by 47 C.F.R. § 64.1200(f).

25.     Mr. Bird had no relationship with the Defendant.

26.     Mr. Bird had not provided his telephone number to the Plaintiff or otherwise consented to advertisements from them.

27.     Nonetheless, the Defendant's text messages advertise their services.

### Class Action Statement

28.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

30.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> National Do Not Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

31.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

32.    Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge whom this action is assigned, and any member of such judge's staff and immediate family.

33.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34.    Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

35.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

36.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

37.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

39.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a.        Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.        Whether Defendant's conduct constitutes a violation of the TCPA; and

c.        Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

41.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns

identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

42.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

43.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

44.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

46.     Defendant's violations were negligent, willful, or knowing.

47.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227,

Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

48.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

**JURY DEMAND**

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated:  June 17, 2026

Respectfully Submitted,

*/s/ Andrew Perrong*
Andrew Perrong
Email: a@perronglaw.com
PERRONG LAW, LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215) 225-5529
*Subject to Pro Hac Vice*

13